[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONFOR SUMMARY JUDGMENT (DOCKET ENTRY NO. 128)
The plaintiff, Robert Simpson, filed a five-count complaint on November 20, 1996, against the defendants, Leonard Varvella, Luis Varvella, the City of Bridgeport (city), Citizens Insurance Company of America (Citizens), and Patriot General Insurance Company (Patriot). The plaintiff alleges that on or about April 16, 1995, he was operating an automobile owned by the city in the scope of his employment with the city. The plaintiff's automobile was struck by an automobile owned by Luis Varvella as it was being operated by Leonard Varvella, causing the plaintiff to be injured. The plaintiff further alleges that at the time of the accident, he was a covered person pursuant to the terms of a self-insured automobile liability policy which the city had in effect on the automobile.
On December 11, 1997, the city filed a motion for summary judgment as to the third count of the complaint which alleges that the city wrongfully refused coverage to the plaintiff. The plaintiff filed an objection to the city's motion for summary judgment on December 22, 1997. Patriot also objected to the city's motion on December 29, 1997. The matter was heard by the court on January 5, 1998.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material fact which, under applicable CT Page 1432 principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted.)Thompson Peck, Inc. v. Division Drywall Inc., 241 Conn. 370,374, 696 A.2d 326 (1997).
The city argues that it is entitled to summary judgment based on the recent case of Bellucci v. City of New Haven,
Superior Court, judicial district of New Haven at New Haven, Docket No. 376851 (November 17, 1997) (Silbert, J.) (20 CONN. L. RPTR. 289). The city argues that it is undisputed that the plaintiff is a city employee injured in the course of his employment by an alleged uninsured motorist. The city also argues that it is a self-insurer, and has submitted the affidavit of City Attorney Mark T. Anastasi and various other exhibits verifying this claim. The city further argues that based on theBellucci case, as a self-insurer, it was not required to provide uninsured motorist coverage to the plaintiff under General Statutes § 38a-336 (a)(1).[1]
The plaintiff argues that in the course of discovery, the city disclosed that the plaintiff was an insured and that there was "20/40 UIM" coverage available to him. (Objection To Motion For Summary Judgment; Exhibit A: City of Bridgeport's Response To Plaintiff's Interrogatories.) The plaintiff also refers to documents supplied by the city which indicate that there is $20,000/$40,000 in uninsured motorist coverage available to the plaintiff. (Objection To Motion For Summary Judgment; Exhibit A: City of Bridgeport's Response To Plaintiff's Interrogatories.) The plaintiff further argues that the Bellucci case merely stands for the proposition that a self-insurer need not necessarily provide uninsured motorist coverage, but that the city has chosen to do so here. The plaintiff claims that an issue of fact therefore remains in dispute as to whether coverage has been provided to the plaintiff under the city's policy. The plaintiff also argues that the city was required to provide the plaintiff with uninsured motorist coverage as a self-insurer; acknowledging that there is a split of authority on this issue citing Zak v.Watts, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 564361, CONN. L. RPTR. 668 (June 24, 1997) (Sullivan, J.) for the proposition that there is no indication that 1993 Public Act No. 93-297 is applicable only to outside insurance coverage, but not self-insurers. CT Page 1433
Public Act No. 93-297 has been codified in the General Statutes at § 38a-336 (f), and states: "Notwithstanding subsection (a) of section 31-284, an employee of a named insured injured while occupying a covered motor vehicle in the course of employment shall be covered by such insured's otherwise applicable uninsured and underinsured motorist coverage."[2]
 "Although the concept of an `insurer' as defined in General Statutes § 38a-363 (b) includes a `self-insurer,' the statutes requiring the provision of uninsured motorist coverage, by their own terms, apply only to `automobile liability insurance polic[ies]' and `insurers licensed to write automobile liability insurance in the state.' General Statutes § 38a-336 (a)(1) provides that, `[e]ach automobile liability insurance policy shall provide insurance, herein called uninsured and underinsured motorist coverage . . . . Each insurer licensed to write automobile liability insurance policy shall provide uninsured and underinsured motorists coverage . . . .' Although this statute is replete with specific references to insurance companies and insurance policies, there is no specific reference to a self-insurer. Inclusio unius est exclusio alterius. Thus, in short, although the owner of any passenger motor vehicle must provide `security', whether by a motor vehicle liability insurance policy written by a licensed provider or through self-insurance, it is only policies of insurance written by licensed providers that must also provide uninsured motorist coverage. If the legislature had wished to require that a self-insurer provide uninsured and or underinsured motorists coverage, it could easily have done so. If the legislature wishes to require that a self-insurer provide uninsured and or underinsured motorists coverage, it can easily do so. It is not for this court to usurp that role."
Bellucci v. City of New Haven, Superior Court, judicial district of New haven at New Haven, Docket No. 376851 (November 5, 1996) (Silbert, J.) (18 CONN. L. RPTR. 218, 218-19). Thus, the court, in answering the question of whether a self-insured entity has any obligation to provide uninsured motorist benefits, decided that it would not. Id., 219. This language was also quoted by the court in its later Bellucci decision at 20 CONN. L. RPTR. 289-90. CT Page 1434
Bellucci stands for the proposition that a self-insured entity is not required to provide uninsured motorist coverage pursuant to § 38a-336.[3] However, those decisions do not go so far as to preclude recovery by a plaintiff under a self-insured policy of an entity which has chosen to carry uninsured coverage at the time of an accident. The court in Bellucci recognized that self-insurers were free to provide uninsured coverage as part of the "security" offered to its insureds.
Based on the evidence presented by the plaintiff, a material issue of fact remains in dispute as to whether such coverage was provided here by the city to the plaintiff. Accordingly, the defendant City of Bridgeport's motion for summary judgment is denied, as a material issue of fact remains in dispute, and the city is not entitled to judgment as a matter of law.[4]
SKOLNICK, J.